Eric Sapir (SBN 282740)
es@ericsapirlaw.com
LAW OFFICE OF ERIC SAPIR
11500 Olympic Blvd., Suite 400
Los Angeles, CA 90064
Tel: (310) 444-3058
Fax: (310) 444-3059

Attorney for Plaintiff
THERESA CHAPPELL

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA CHAPPELL,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ARBITRATION FORUM LLC,<br><br>Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES<br><br>[JURY TRIAL DEMANDED] |

## I. INTRODUCTION

1. THERESA CHAPPELL ("Plaintiff") brings this action for damages, and other available legal or equitable remedies, resulting from the illegal actions of NATIONAL ARBITRATION FORUM LLC ("Defendant"), in attempts to collect a consumer debt allegedly owed by Plaintiff.

//

//

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d),* which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established. Venue is proper pursuant to *28 U.S.C. 1391(b)(2).*

4. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202.*

## III. PARTIES

5. Plaintiff THERESA CHAPPELL is, and at all times mentioned herein was, an individual citizen of the State of California, and resident of the County of Los Angeles.

6. Upon information and belief, Defendant, NATIONAL ARBITRATION FORUM LLC is a limited liability company with its headquarters in Niagara, New York. Defendant also conducts business in the name DISPUTE RESOLUTION CENTER. Defendant is wholly responsible for the injuries to Plaintiff as set forth below.

//

//

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another.

8. Plaintiff is a "consumer" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692a(3), and a "debtor" as defined by the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code 1788.2(h).

9. The purported debt that Defendant attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5) and a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

//

//

//

## IV. FACTUAL ALLEGATIONS

12. In or about August, 2015, Defendant sought to collect on an alleged debt (the "alleged debt") by calling Plaintiff.

13. The alleged debt is claimed to have been used primarily for personal, family, or household purposes.

14. On August 20, 2015, Defendant left Plaintiff a voicemail message stating that the call was from a person by the name of Investigator Chelsea Benner from division one legal service department regarding the alleged debt. Investigator Chelsea Benner further stated that she had a certified court matter regarding the alleged debt charged to deliver on August 24, 2015, that this will take place at Plaintiff's place of employment, and Plaintiff's supervisor is required to be present as a witness.

15. To date, Plaintiff was not served with a lawsuit by Defendant.

16. To date, Plaintiff was not sued by Defendant for the alleged debt.

17. Within five days of Defendant's first contact with Plaintiff, Defendant failed to send Plaintiff a written notice that included the following required by the FDCPA:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of

> the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
> (15 USC 1692g).

18. Within five days of Defendant's first contact with Plaintiff, Defendant failed to send Plaintiff a written notice that included the following language required by the RFDCPA:

> The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or *www.ftc.gov*.

(*Cal. Civ. Code § 1812.700*).

19. As a result of Defendant acts and omissions, Plaintiff has suffered and continues to suffer severe emotional distress.

**COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

20. Plaintiff reincorporates by reference all of the preceding paragraphs.

21. Defendant violated the FDCPA based on the following:

a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

b. Defendant violated §1692d(1) of the FDCPA by using or threating criminal means to harm the physical person, reputation, or property of Plaintiff.

c. Defendant violated §1692d(2) of the FDCPA by using obscene or profane language or language the natural consequence of which is to abuse the Plaintiff.

d. Defendant violated § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt.

e. Defendant violated § 1692e(4) by representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment,

attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action.

e. Defendant violated § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

f. Defendant violated § 1692e(7) by falsely representing or implying that the Plaintiff committed any crime or other conduct in order to disgrace the consumer.

g. Defendant violated § 1692e(10) by using false representations and deceptive practices in connection with collection.

h. Defendant violated §1692e(11) by failing to notify Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose.

i. Defendant violated §1692g(a)(1) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: the amount of the debt.

j. Defendant violated §1692g(a)(2) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: the name of the creditor to whom the debt is owed.

k. Defendant violated §1692g(a)(3) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

l. Defendant violated §1692g(a)(4) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

m. Defendant violated §1692g(a)(5) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

//

//

//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages;

D. Punitive damages;

E. Costs and reasonable attorney's fees; and,

F. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

23. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

24. Defendant violated the RFDCPA based on the following:

a. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

b. Defendant violated the Cal. Civ. Code § 1812.700 by failing to include the specific language required by § 1812.700.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the RFDCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Punitive Damages;

E. Costs and reasonable attorney's fees,

F. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

PLEASE TAKE NOTICE that Plaintiff THERESA CHAPPELL demands a jury trial in this case.

Dated: April 26, 2016

**LAW OFFICE OF ERIC SAPIR**

By: ______________________
Eric Sapir
Attorney for Plaintiff
THERESA CHAPPELL